IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID STRILEY, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PERFORMANT RECOVERY, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff David Striley ("Plaintiff" or "Striley") brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Performant Recovery, Inc. ("PRI" or "Defendant"). Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant PRI is a California corporation with an office at 333 N. Canyons Pkwy., Suite 100, Livermore, California 94551. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

7. PRI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8. Defendant has been attempting to collect a student loan debt from Plaintiff.

9. Plaintiff incurred the underlying student loans in approximately 1995 or 1996.

10. Plaintiff received a number of automated telephone messages on his cell phone. The following is a partial list of automated telephone messages plaintiff received on his cellular telephone:

    a. Dec. 5, 2012 at 5:48 p.m

    b. Dec. 4, 2012, at 4:52 p.m.

    c. Nov. 30, 2012, at 1:20 p.m.

    d. Nov. 28, 2012, at 5:55 p.m.

11. The telephone calls referred to in paragraph 10 were from the telephone number 209-858-3500.

12. The telephone number 209-858-3500 is issued to PRI.

13. On information and belief, the telephone calls were placed using predictive dialers. Predictive dialers place telephone calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient to a debt collector.

14. On information and belief, PRI has a pattern and practice of placing telephone calls to debtors using predictive dialers when debtors did not authorize the automated placement of calls to their respective cellular telephone numbers.

15. Plaintiff did not authorize the automated placement of calls to his cell phone.

16. Plaintiff did not furnish his cell phone number to PRI.

17. Plaintiff did not furnish his cell phone number to the originator of the loans PRI was attempting to collect.

18. Plaintiff did not obtain the cell phone number on which PRI called him until

approximately 2005 or 2006.

19. Plaintiff and the class members are entitled to statutory damages.

20. PRI violated the TCPA even if its actions were only negligent.

21. PRI should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

22. Plaintiff incorporates paragraphs 1-21.

23. The TCPA, 47 U.S.C. §227, provides:

    **§ 227. Restrictions on use of telephone equipment**

    **. . . (b) Restrictions on use of automated telephone equipment.**

    **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

    **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

24. The TCPA, 47 U.S.C. §227(b)(3), further provides:

    **Private right of action.**

    **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal**

> **to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25. PRI violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872 (b) who, on or after January 11, 2009 (28 U.S.C. §1658), and on or before January 31, 2013, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;
>
> b. The manner in which defendant obtained the cell phone numbers numbers; and
>
> c. Whether defendant thereby violated the TCPA.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. A class action is an appropriate method for the fair and efficient adjudication of

4

this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31. Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

32. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        (1) Statutory damages;

        (2) An injunction against further violations;

        (3) Costs of suit; and

        (4) Such other or further relief as the Court deems just and proper.

                                              s/ Daniel A. Edelman  
                                              Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Catherine A. Ceko  
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX) (may be used for service of process)  
courtecl@edcombs.com (email address for service of process)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

        s/ Daniel A.Edelman
        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may be used for service of process)
courtecl@edcombs.com (email address for service of process)