**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID STRILEY,<br>on behalf of plaintiff and the class defined<br>below, | ) ) ) | |
| | ) | 13 CV 214 |
| Plaintiff, | ) | |
| | ) | Judge Gettleman |
| vs. | ) | |
| | ) | Judge Gilbert |
| PERFORMANT RECOVERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff David Striley ("Plaintiff" or "Striley") brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Performant Recovery, Inc. ("PRI" or "Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"),  and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §§1331, 1337 and 1367.

5.      Venue and personal jurisdiction in this District are proper because:

   a.      Defendant's collection communications were received by plaintiff within this District;

1

b.      Defendant transacts business within this District.

## PARTIES

6.      Plaintiff is an individual who resides in the Northern District of Illinois.

7.      Defendant PRI is a California corporation with an office at 333 N. Canyons Pkwy., Suite 100, Livermore, California 94551.   It does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8.      PRI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

9.      Defendant has been attempting to collect a student loan debt from Plaintiff.

10.      Plaintiff incurred the underlying student loans in approximately 1995 or 1996.

11.      Plaintiff received a number of automated telephone messages on his cell phone. The following is a partial list of automated telephone messages plaintiff received on his cellular telephone:

a.      Dec. 5, 2012 at 5:48 p.m

b.      Dec. 4, 2012, at 4:52 p.m.

c.      Nov. 30, 2012, at 1:20 p.m.

d.      Nov. 28, 2012, at 5:55 p.m.

12.      The telephone calls referred to in paragraph 10 were from the telephone number 209-858-3500.

13.      The telephone number 209-858-3500 is issued to PRI.

14.      On information and belief, the telephone calls were placed using predictive dialers. Predictive dialers place telephone calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient to a debt collector.

15.      On information and belief, PRI has a pattern and practice of placing telephone calls to debtors using predictive dialers when debtors did not authorize the automated placement

2

of calls to their respective cellular telephone numbers.

16.    Plaintiff did not authorize the automated placement of calls to his cell phone.

17.    Plaintiff did not furnish his cell phone number to PRI.

18.    Plaintiff did not furnish his cell phone number to the originator of the loans PRI was attempting to collect.

19.    Plaintiff did not obtain the cell phone number on which PRI called him until approximately 2005 or 2006.

20.    Plaintiff and the class members are entitled to statutory damages.

21.    PRI violated the TCPA even if its actions were only negligent.

22.    PRI should be enjoined from committing similar violations in the future.

23.    Representatives of PRI called plaintiff's neighbor regarding plaintiff's debt when PRI already had an address and phone number for the debtor.

24.    On information and belief, PRI has a practice of contacting third parties, when PRI already has an address and phone number for the debtor.

25.    A message was left on plaintiff's door, telling him about the debt collector call.

26.    Plaintiff was embarrassed, annoyed and harassed by the above-described conduct.

## COUNT I – TCPA

27.    Plaintiff incorporates paragraphs 1-26.

28.    The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service,**

3

**cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

29.     The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30.     PRI violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

31.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872 (b) who, on or after January 11, 2009 (28 U.S.C. §1658), and on or before January 31, 2013, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

32.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

33.     There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members.  The predominant common questions include:

      a.      Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

      b.      The manner in which defendant obtained the cell phone numbers numbers; and

      c.      Whether defendant thereby violated the TCPA.

34.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36.    Several courts have certified class actions under the TCPA.  *Sadowski  v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash.  2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*,  03 CH 14510,  2004 WL 3105679  (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005);  *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008);  *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC  v. Young*,

792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see  *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

37.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

>    (1)     Statutory damages;

>    (2)     An injunction against further violations;

>    (3)     Costs of suit; and

>    (4)     Such other or further relief as the Court deems just and proper.

## COUNT II  – FDCPA

38.     Plaintiff incorporates paragraphs 1-26.

39.     Defendants violated 15 U.S.C. §1692c by contacting third parties for purposes other than those permitted by 15 U.S.C. §1692b.

40.     Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**

> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

41.     Section 1692b provides:

> **§ 1692b.     Acquisition of location information [Section 804 of P.L.]**

> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the**

6

consumer shall--

**(1)      identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(2)      not state that such consumer owes any debt;**

**(3)      not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4)      not communicate by post card;**

**(5)      not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6)      after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.**

42.      PRI violated the FDCPA by contacting third parties regarding plaintiff's debt.

## CLASS ALLEGATIONS

43.      Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with respect to whose debts messages were left (b) with persons other than the consumer, or the consumer's spouse, (c) and which contact occurred on or after June 6, 2012, and on or before June 26, 2013.

44.      The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45.      There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.      Whether defendant engaged in a pattern of contacting unauthorized

7

third parties regarding debts; and

      b.      Whether defendant thereby violated the FDCPA.

46.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47.      A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)      Statutory damages;

(2)      Actual damages;

(3)      Attorney's fees, litigation expenses, and costs of suit; and

(4)      Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX) (may be used for service of process)
courtecl@edcombs.com (email address for service of process)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A.Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

<u>**CERTIFICATE OF SERVICE**</u>

   I, Daniel A. Edelman, hereby certify that on June 6, 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Clifford Yuknis
cyuknis@hinshawlaw.com
Katherine Tresley
ktresley@hinshawlaw.com
David M. Schultz
dschultz@hinshawlaw.com

         <u>s/ Daniel A. Edelman</u>
         Daniel A. Edelman

10